# Supreme Court of Florida

_____

No. SC2022-1738
_____

**IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULES OF PROCEDURE 12.285, AND FORMS 12.902(k) AND 12.902(*l*).**

September 7, 2023

PER CURIAM.

On December 15, 2022, the Family Law Rules Committee filed a report proposing amendments to Florida Family Law Rule of Procedure 12.285 (Mandatory Disclosure), and new forms 12.902(k) (Notice of Joint Verified Waiver of Filing Financial Affidavits) and 12.902(*l*) (Affidavit of Income for Child Support). The proposed amendments would allow parties to mutually waive the requirement that financial affidavits be filed with the court under certain circumstances. The Committee approved the proposed amendments to rule 12.285 and new form 12.902(k) by a vote of 18-2-1, and new proposed form 12.902(*l*) by a vote of 21-0-0. The Florida Bar Board of Governors unanimously recommended acceptance of the proposed rule amendments.

The Committee published its proposal for comment and received one comment from The Florida Bar's Family Law Section. The Committee considered the comment and determined no amendments to the proposal were needed. After the proposed amendments were filed, the Court published the proposal for comment, and five comments were received. Having reviewed the Committee's proposal, the comments, and the Committee's response, we adopt the proposed amendments to rule 12.285 with modifications but decline to adopt the new forms at this time.

First, addressing the proposed forms, under Florida Family Law Rule of Procedure 12.015(a) (Forms Adopted as Rules), the Committee may propose amendments to a limited list of forms. Additionally, subdivision (b) (Other Family Law Forms) provides that "[a]ll additional Supreme Court approved forms shall be adopted by opinion of the Supreme Court of Florida and outside of the rulemaking procedures required by rule 2.140." Thus, the Court will forward the proposal to the Advisory Workgroup on The Florida Supreme Court Approved Family Law Forms for expedited consideration as part of the internal review and amendment process under rule 12.015(b). *See In re Amends. to Fla. Fam. L. Rule of Proc.*

*Forms 12.9835(a)–(c)*, No. SC2022-1112, 2022 WL 4397525 (Fla. Sept. 23, 2022).

As to the amendments to rule 12.285, we add new subdivision (c)(2) that will allow parties to waive the requirement to file financial affidavits in certain circumstances, although the affidavits must still be exchanged by the parties. We modify the Committee's proposed language by deleting the reference to "Florida Supreme Court Approved Form 12.902(k) (Notice of Joint Verified Waiver of Filing Financial Affidavits)." We also modify the broad language proposed by the Committee in subdivision (c) to instead require the parties acknowledge that the responsibility to retain records rests solely with them. We also include an additional subsection that clarifies waiver revocation.

Additionally, we amend subdivisions (a)(1), (d)(1), and (e)(1), as proposed by the Committee, to eliminate statements requiring financial affidavits be filed with the court.

Accordingly, the Florida Family Law Rules of Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by

struck-through type.  The amendments shall take effect on

November 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Hon. Howard Ogle McGillin, Jr., Chair, Family Law Rules Committee, Palatka, Florida, Michael V. Andriano, Past Chair, Family Law Rules Committee, Lakeland, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly N. Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Ralph Fisher of Fisher's Law Office, Lutz, Florida; Mark F. Baseman of Felix, Felix & Baseman, Tampa, Florida; Keith M. Schenck on behalf of the Association of Florida Magistrates and Hearing Officers, Iverness, Florida, and Diane M. Kirigin on behalf of the Association of Florida Magistrates and Hearing Officers, Delray Beach, Florida, and K. Beth Luna on behalf of the Association of Florida Magistrates and Hearing Officers, Jacksonville, Florida; Sarah Elizabeth Kay, Chair, Family Law Section of The Florida Bar, Tampa, Florida, Philip S. Wartenberg, Past Chair, Family Law Section of The Florida Bar, Tampa, Florida, Temi N. Zeitenberg, Co-Chair, Family Law Section of The Florida Bar, Rules and Forms Committee, Boca Raton, Florida, Marck K. Joseph, Jr., Co-Chair, Family Law Section of The Florida Bar, Rules and Forms Committee, Miami, Florida, Kristin R.H. Kirkner, Past Co-Chair, Family Law Section of The Florida Bar, Rules and Forms Committee, Tampa, Florida, Tenesia C. Hall, Past Co-Chair, Family Law Section of The Florida Bar, Rules and Forms Committee,

Orlando, Florida; and Robert J. Merlin of Robert J. Merlin, P.A.,
Coral Gables, Florida,

Responding with comments

**APPENDIX**

**RULE 12.285.  MANDATORY DISCLOSURE**

**(a) Application.**

(1)  *Scope.*  This rule applies to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for protection against domestic, repeat, dating, or sexual violence, or stalking, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys' fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to ~~financial affidavits and~~ child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.

(2) – (3)  [NO CHANGE]

**(b)** [NO CHANGE]

**(c) Exemption from Requirement to File and Serve Financial Affidavit.**

(1)  The parties are not required to file ~~and~~or serve a financial affidavit under subdivisions (d) and (e) if they are seeking a simplified dissolution of marriage under rule 12.105, they have no minor children, have no support issues, and have filed a written settlement agreement disposing of all financial issues, or if the court lacks jurisdiction to determine any financial issues.

(2)  Upon agreement of the parties and filing of a notice of joint verified waiver of filing financial affidavits, the court shall not require that financial affidavits be filed.  In the notice, both parties must acknowledge:

(A) that evidence of their current or past financial circumstances may be necessary for future court proceedings;

(B) they each have provided the other with a fully executed and sworn financial affidavit in conformity with Florida Family Law Form 12.902(b) or 12.902(c), as applicable;

(C) that the responsibility to retain copies of all affidavits exchanged rests solely with the parties;

(D) that the waiver only applies to the current filing and does not automatically apply to any future filings; and

(E) that the waiver may be revoked by either party at any time.

**(d) Disclosure Requirements for Temporary Financial Relief.** In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents must be served on the other party:

(1) A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party's gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party's gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. ~~The affidavit must also be filed with the court.~~

(2) – (4) [NO CHANGE]

**(e) Parties' Disclosure Requirements for Initial or Supplemental Proceedings.** A party must serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a

request for child support, alimony, equitable distribution of assets or debts, or attorneys' fees, suit money, or costs:

(1)  A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party's gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party's gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties.  ~~The financial affidavits must also be filed with the court.~~ A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form 12.902(c). All documents supporting the income, assets, and liabilities figures entered into the financial affidavit must also be produced.

(2) - (17) [NO CHANGE]

**(f) – (m)** [NO CHANGE]

## Commentary

[NO CHANGE]

## Committee Notes

[NO CHANGE]